IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,566






EX PARTE ANTHONY LOUIS FISHER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W01-52054-R(A) IN THE 265TH JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to forty years' imprisonment. The Tenth Court of Appeals affirmed his conviction. Fisher
v. State, No. 10-02-00057-CR (Tex. App. - Waco, February 19, 2003). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of
his right to petition for discretionary review pro se.

 Appellate counsel did not respond to the trial court's requests for a response to Applicant's
habeas allegations. The record shows that appellate counsel was disbarred from the practice of law
on October 9, 2010. The trial court has entered findings of fact and conclusions of law that appellate
counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise
him of his right to petition for discretionary review pro se. The trial court recommends that relief
be granted. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). We find, therefore, that
Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the
judgment of the Tenth Court of Appeals in Cause No. 10-02-0057-CR that affirmed his conviction
in Case No. F01-52054-L from the 265th Judicial District Court of Dallas County. Applicant shall
file his petition for discretionary review with the Tenth Court of Appeals within 30 days of the date
on which this Court's mandate issues.


Delivered: May 25, 2011

Do not publish